Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6934 | **DATE** | 9/30/2002 |
| **CASE TITLE** | LIQUID DYNAMICS CORP. vs. VAUGHAN COMPANY, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Vaughan Company, Inc.'s motion for taxation of costs [96-1] is granted in part. Vaughan Company, Inc. is awarded $10,530.76 ($4,720.00 in deposition costs, $4,921.50 in witness attendance costs and $889.26 in copying costs). ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | OCT 2 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 102 |
| | Copy to judge/magistrate judge. | | 9/30/2002 | |
| CB | courtroom deputy's initials | | date mailed notice PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



LIQUID DYNAMICS CORPORATION, )
)
                            Plaintiff, )   No. 01 C 6934
)
v.                                 )   Suzanne B. Conlon, Judge
)
VAUGHAN COMPANY, INC., )
)
                          Defendant. )

## MEMORANDUM OPINION AND ORDER

Liquid Dynamics Corporation ("Liquid Dynamics") sued Vaughan Company, Inc. ("Vaughan") for infringement of U.S. Patent No. 5,458,414 ("the '414 patent") pursuant to 35 U.S.C. § 271 *et seq.* Vaughan counterclaimed for invalidity and inequitable conduct. The court granted Vaughan's summary judgment motion on non-infringement of the '414 patent. *Liquid Dynamics Corp. v. Vaughan Company, Inc.*, 2002 WL 1769979 (N.D. Ill. Aug. 1, 2002). Vaughan now seeks $63,348.92 in costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

## DISCUSSION

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3)

1

fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In its bill of costs, Vaughan seeks costs incurred for court fees, depositions, witness attendance, copying and computerized legal research.

A.  **Court Costs**

Vaughan seeks $150.00 for *pro hac vice* admission of its Washington attorneys. In evaluating bills of cost, the court must determine whether: (1) the expenses are allowable under § 1920; and (2) the expenses are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Although Liquid Dynamics does not challenge Vaughan's admission costs, these fees are not taxable. *See International Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-Ven Co.*, 1998 WL 895557, at *4 (N.D.Ill. Dec. 14, 1998), *quoting Romero v. United States*, 865 F.Supp. 585, 594 (E.D. Mo. 1994)("such fees are an expense of counsel for the privilege of practicing law in the court"). Accordingly, Vaughan is not entitled to recover this expense.

B.  **Deposition Costs**

Vaughan seeks $11,633.92 for costs incurred in obtaining depositions of 22 witnesses. Section 1920(2) authorizes the taxing of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To be recoverable, the deposition must be reasonably necessary to the case at the time it was taken. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Liquid Dynamics does not challenge Vaughan's need for the deposition transcripts outlined in its bill of costs. Rather, Liquid Dynamics argues the costs incurred by Vaughan for transcripts and videotapes were unnecessary and unreasonable.

Vaughan may not recover for videotapes where a transcript was purchased. *See Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)(Costs for videotaping a deposition may be awarded in lieu of costs for a stenographic transcript). Nor may Vaughan recover more than the per page rate established by the Judicial Conference. *Cengr*, 135 F.3d at 456, *citing* VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters Manual, ch. 20, pt. 20.3 (1998). Where an award of deposition costs is appropriate, the Judicial Conference has established $3.00 as the rate per page for an original transcript and $.75 for a transcript copy. *Id.* Therefore, Vaughan's request for deposition costs must be reduced as follows:

| Deponent | Transcript | Pages | Cost Per Page | Total |
|---|---|---|---|---|
| Glenn Dorsch | Copy | 408 | $0.75 | $306.00 |
| Dale Vaughan | Copy | 76 | $0.75 | $57.00 |
| Robert Simonetti | Copy | 155 | $0.75 | $116.25 |
| John Hayes | Copy | 45 | $0.75 | $33.75 |
| Richard Lueptow | Original | 241 | $3.00 | $723.00 |
| Robert Breidenthal | Copy | 120 | $0.75 | $90.00 |
| Ward Brown | Copy | 163 | $0.75 | $122.25 |
| Larry Vaughan | Copy | 60 | $0.75 | $45.00 |
| Ronald Sandler | Copy | 99 | $0.75 | $74.75 |
| Mark Crump | Original | 229 | $3.00 | $687.00 |
| Edward Gillette, Jr. | Original | 140 | $3.00 | $420.00 |
| Richard Behnke | Copy | 130 | $0.75 | $97.50 |
| Perry Hoffman | Original | 35 | $3.00 | $105.00 |
| James Hamill | Original | 44 | $3.00 | $132.00 |
| James McGovern | Original | 50 | $3.00 | $150.00 |

| Deponent | Transcript | Pages | Cost Per Page | Total |
|---|---|---|---|---|
| Bruce Mansfield | Original | 51 | $3.00 | $153.00 |
| Jared Proctor | Original | 179 | $3.00 | $537.00 |
| Charles Kuyk, III | Copy | 136 | $0.75 | $102.00 |
| Kent Kerran | Copy | 51 | $0.75 | $38.25 |
| Howard Rockman | Original | 112 | $3.00 | $336.00 |
| Anup Paul | Original | 102 | $3.00 | $306.00 |
| Ronald Siegar | Copy | 119 | $0.75 | $89.25 |
| Total | | | | $4,720.50 |

C. **Witness Attendance Costs**

1. **Subpoena Service Costs**

Vaughan seeks $381.50 for costs incurred in serving subpoenas on Fluidyne, Howard Rockman, AEA Technologies, Anup Paul, Great Lakes Aquastore and Richard Lueptow. Section 1920(1) authorizes fees for service of subpoenas. *Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996). As Liquid Dynamics points out, fees cannot exceed amounts charged by the U.S. Marshal Service. *Id.* at 1060. The U.S. Marshal Service charges $45.00 per hour and $0.365 per mile. Except for the invoice for service on Fluidyne, invoices submitted by Vaughan do not indicate how long service took or where service was effectuated. Therefore, Vaughan's request for subpoena service fees must be reduced as follows:

| Recipient | Service Charge | Mileage | Allowed |
|---|---|---|---|
| Fluidyne | $25.00 | 12 miles @ $.12 = $3.00 | $28.00 |
| Howard B. Rockman | $43.50 | Unknown | $43.50 |
| AEA Technologies | $110.00 | Unknown | $45.00 |
| Anup Paul | $50.00 | Unknown | $45.00 |
| Great Lakes Aquastore | $75.00 | Unknown | $45.00 |
| Richard Lueptow | $75.00 | Unknown | $45.00 |
| Total | | | $251.50 |

2.  **Witness Fees**

Vaughan seeks $415.00 for costs incurred in obtaining the attendance of nine witnesses for deposition. Section 1920(3) authorizes witness fees. 28 U.S.C. § 1920(3). However, Vaughan did not take the deposition of one of the nine witnesses. Vaughan is not entitled to recover costs associated with this witness. *Kateeb v. Dominick's Finer Foods, Inc.*, No. 96 C 1229, 1997 WL 630185, at *2 (N.D. Ill. Sept. 30, 1997). Moreover, fees paid to the remaining eight witnesses may not exceed the statutory limit of $40.00 plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). Vaughan fails to offer evidence of the witnesses' travel expenses or subsistence charges. Therefore, recovery for witness fees is limited to $40.00 per witness or $320.00.

Vaughan seeks $19,100.00 in fees charged by its expert witnesses for time spent in deposition as well as time spent preparing for deposition. A prevailing party seeking reimbursement for fees paid to its own expert witness may not use Rule 54(d) to exceed the $40.00 per day witness fee limitation. *Crawford Fitting*, 482 U.S. at 441-42. However, expert fees in excess of the $40.00 per

day limit are recoverable pursuant to Federal Rule of Civil Procedure 26(b)(4)(C)(i). *Chambers v. Ingram*, 858 F.2d 351, 360 (7th Cir. 1988). Rule 26(b)(4)(c) provides that, "[u]nless manifest injustice would result, (i) the court shall require the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery. . . " Fed. R. Civ. P. 26(b)(4)(c)(i). Vaughan is entitled to recover costs for expert time spent responding to discovery.

a.  **Deposition Time**

Vaughan seeks $5,160.00 for time spent by Breidenthal (3.3 hours), Kuyk (6 hours) and Sandler (6 hours) attending their depositions. Liquid Dynamics does not dispute the costs associated with the depositions of Breidenthal and Kuyk. Rather, Liquid Dynamics claims Sandler's rate of $460.00 per hour is unreasonable. In determining the reasonableness of an expert's fee, the court may consider: (1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *McClain v. Owens-Corning Fiberglas Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996). In addition, the court may consider: (1) the fee actually charged the party who retained the expert; and (2) fees traditionally charged by the expert on related matters. *Id.*

The parties fail to offer any information regarding Sandler or his area of expertise. Rather, Liquid Dynamics claims its expert charged only $325.00 per hour. Where the parties offer little evidence to support their positions, the court may use its discretion in determining the reasonableness of the charged fee. *McClain,* 1996 WL 650524, at *5. Examining the information available, the rate

6

charged by Liquid Dynamic's expert appears to be more reasonable than the rate charged by Sandler. *See Id.* (expert fee of $400.00 per hour deemed excessive). Therefore, Vaughan is entitled to recover $4,350.00 ($290.00 x 6 hours for Kuyk, $200.00 x 3.3 hours for Breidenthal and $325.00 x 6 hours for Sandler) for time spent by its experts in deposition.

**b.  Deposition Preparation Time**

Vaughan seeks costs associated with time spent by Breidenthal, Kuyk and Sandler to prepare for their depositions. Costs for deposition preparation are generally not awarded. *McClain*, 1996 WL 650524, at *3. However, compensation for deposition preparation is appropriate in complex cases where experts must review voluminous documents. *Id.* Vaughan does not indicate the number or type of documents each expert reviewed to prepare for his testimony. Indeed, the time spent by two of the three experts establishes voluminous document review was not necessary. Breidenthal and Sandler spent 30 minutes and 2.75 hours, respectively, preparing for their depositions. Under these circumstances, Vaughan is not entitled to recover deposition preparation costs.

**D.  Copying Costs**

Vaughan seeks $29,989.50 for costs incurred for copies made in-house and by outside vendors. Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "Included in the category of costs 'reasonably necessary for use in the case' are copies attributable to discovery and the court's copies of pleadings, motions and memoranda; however, extra copies for the convenience of the attorneys are not necessary and are not taxed as costs." *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *1 (N.D.Ill. March 3, 1998). From Vaughan's documentation, the court cannot determine whether Vaughan's copying costs are recoverable.

7

Vaughan's documentation for its in-house copies does not provide any basis for the court to determine the content and number of each document copied. Although Vaughan "is not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it "is required to provide the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Although Vaughan claims some of the copied documents were produced during discovery or filed as pleadings, Vaughan fails to provide any basis for its assertion, such as corresponding dates of production or filing and number of pages produced or filed. Therefore, Vaughan cannot recover its in-house copying costs.

Vaughan's request for costs associated with copying by outside vendors suffers from the same defect. Except for a few invoices from Sound Legal Copy, Inc., Vaughan's documentation fails to disclose the content and number of each document copied. Nor does Vaughan provide any basis for its assertion that these documents were copied in connection with its document production. "In the absence of a more detailed affidavit or some other reliable verification that the copying costs were necessary for presenting evidence to this court," the court awards only the costs detailed on the following Sound Legal Copy Inc. invoices: December 6, 2001 invoice in the amount of $369.56 ($85.08 for Bates labels, $68.16 for protective order labels and $216.32 for one copy), April 30, 2002 invoice in the amount of $10.88 (one copy), May 6, 2002 invoice in the amount of $380.64 ($117.12 for Bates labels and $263.52 for one copy) and May 14, 2002 invoice in the amount of $128.18 ($35.70 for protective order labels and $92.48 for one copy). *See Mortell v. MacNeal Health Care Servs. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000)(court refuses to tax

copying costs where it cannot ascertain purpose for the copies, whether multiple copies were made of the same documents, or what documents were copied).

E.     **Computerized Legal Research Costs**

Vaughan seeks $1,679.00 for computerized legal research. This cost is not taxable. *Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994). Accordingly, Vaughan is not entitled to recover this expense.

## CONCLUSION

The bill of costs is granted in part. Vaughan is awarded $4,720.00 in deposition costs, $4,921.50 in witness attendance costs and $889.26 in copying costs.

September 30, 2002

ENTER:

Suzanne B. Conlon
United States District Judge