# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED

AUG 30 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| LIQUID DYNAMICS CORPORATION, | ) | Civil Action No. 01C 6934 |
| | ) | |
| Plaintiff, | ) | Judge Suzanne B. Conlon |
| | ) | |
| v. | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| VAUGHAN COMPANY, INC., | ) | |
| | ) | **PLAINTIFF'S MOTION IN LIMINE #2: TO** |
| Defendant. | ) | **EXCLUDE UNDISCLOSED AND UNTIMELY** |
| | ) | **EXPERT TESTIMONY OF KEN NORCROSS** |
| | ) | **AND PRAKASH R. BATHIJA** |
| | ) | |

DOCKETED

AUG 31 2004

Defendant, Vaughan Company, Inc. ("Vaughan"), has identified Ken Norcross as a "will call" witness. Based in part upon Vaughan's past conduct with respect to Mr. Norcross, Plaintiff, Liquid Dynamics Corporation ("Liquid Dynamics"), believes that Vaughan will improperly attempt to use Mr. Norcross is testify as to undisclosed expert opinions. Liquid Dynamics requests that any expert opinion testimony of Mr. Norcross be excluded.[1]

## I. PER THE LAW OF THE CASE – SPECIFICALLY, DKT. ENTRY NO. 74 – ANY TESTIMONY RELATING TO OPINIONS DISCLOSED IN MR. NORCROSS'S DECLARATION SHOULD BE EXCLUDED AS UNTIMELY

This Court's October 31, 2001 Scheduling Order, Rule 26(a)(2)(B) required expert reports to be submitted by April 1, 2002, and rebuttal reports by May 1, 2002. (Ex. A (Dkt. Entry No. 11).) "Rule 26(a)(2)(c) requires that the disclosure of expert witnesses be made within the time period ordered by the Court." *Fuller v. Volvo GM Heavy Truck*, 1995 U.S. Dist. LEXIS 11638, *3 (N.D.

---

[1] Vaughan identifies Prakash R. Bathija as a "may call" witness. Mr. Bathija is listed as the author of an article entitled "Jet Mixing." (VA004261-VA004274). (Ex. F.) Liquid Dynamics requests that the Court limit any testimony of Mr. Bathija to simply authenticating the article, as anything beyond that would amount to expert testimony.

350334

Ill. 1995).[2] However, Vaughan first disclosed expert opinions from Mr. Norcross on June 3, 2002. Mr. Norcross's conclusory opinions were set forth in a declaration (Ex. C), dated May 31, 2002, submitted in conjunction with Vaughan's motion for summary judgment of invalidity. (Dkt. Entry No. 52.) Vaughan bears the burden of proof on invalidity. Accordingly, any expert opinions of Mr. Norcross were to be disclosed by April 1, 2002. (Ex. A (Order, October 31, 2001, Dkt. Entry No. 11).)

By reason of the foregoing, this Court has already granted a motion by Liquid Dynamics to exclude untimely and undisclosed expert opinions in Mr. Norcross' declaration:

> Norcross's conclusory opinion is not a lay witness opinion under Fed.R.Evid. 702...The analysis of a system's flow patterns is based on technical and scientific data...Vaughan's attempt to inject untimely, undisclosed expert testimony through Norcross' declaration is inappropriate....Pursuant to Fed.R.Civ.P. 37, ¶¶ 6 and 7 are stricken; ¶¶ 8 to 11 are not considered to the extent they contain references to the helical flow patterns of mixing systems...

(Ex. D (Order, July 18, 2002, Dkt. Entry No. 74).)

Rule 26(a)(2)(A) requires disclosure of any witness "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." "Compliance with Rule 26(a)(2) is required before an expert may be designated as a trial witness in the final pretrial order." Standing Order On Procedures To Be Followed In Cases Assigned To Judge Suzanne B. Conlon at D(4). This Court has emphasized that expert witness opinions must be disclosed:

> The Federal Rules of Civil Procedure require disclosure of the identity of any person who may be used at trial as an expert witness. Fed.R.Civ.P. 26(a)(2)(A). In addition, Rule 26(a) requires that disclosure shall "be accompanied by a written report prepared and signed by the witness." Fed.R.Civ.P. 26(a)(2)(B) (emphasis added).

---

[2] Cases not published in the Federal Reporter or Supplement are attached as Exhibit B.

350334

2

> Failure to comply with Rule 26(a)(2) precludes a party from using at trial expert testimony that was not timely or fully disclosed. See Fed.R.Civ.P. 37; *Harlow v. Eli Lilly & Co.*, 1995 U.S. Dist. LEXIS 7162, No. 94C4840, 1995 WL 319728, at *1 (N.D. Ill. May 25, 1995).

*Mi-Jack Prods. v. Operating Eng'rs Local 150, AFL-CIO*, 1995 U.S. Dist. LEXIS 16930, *21-*22 (N.D. Ill. 1995)(emphasis added).

It is indisputable that Mr. Norcross' conclusory expert opinions were untimely and undisclosed. Accordingly, any testimony relating to expert opinions must be excluded. *See Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) (A party's failure to comply with Rule 26(a) results in an "automatic and mandatory" exclusion of expert testimony "unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.").

Based upon Vaughan's past conduct, however, Liquid Dynamics is concerned that Vaughan will once again attempt to introduce untimely expert opinions from Mr. Norcross, and thus requests an order specifically excluding such opinions. As discussed in Liquid Dynamics' copending motion in *limine* to exclude undisclosed and untimely expert opinions of Vaughan employees Mr. Dorsch and Mr. Keeran, Vaughan has an established track record of disregarding this Court's deadlines for Rule 26(a)(2) expert disclosures. For example, Sections III and IV of the May 1, 2002 Dorsch/Keeran report were stricken by the Court as being untimely. (Ex. E (Order, June 10, 2002, Dkt. Entry No. 44).) In addition, Vaughan's motions in *limine*, filed August 27, 2004, are presently attempting to introduce opinions of Mr. Dorsch blatantly exceeding the disclosures in the Dorsch/Keeran report, including ***over 32 pages of previously undisclosed opinions*** critiquing Dr. Lueptow's CFD simulations and ***54 previously undisclosed CFD plots***.

## II.    MR. NORCROSS' EXPERT OPINIONS ARE NOT LAY OPINIONS

Vaughan previously argued that Mr. Norcross' purported expert opinions were not subject to the requirements of Rule 26(a)(2) because he was being offered as a lay witness. (Vaughan's Opposition to Liquid Dynamics' Motion to Exclude Untimely Expert Opinions (Dkt. Entry No. 70).) This argument failed then, and it fails now.

Fed.R.Evid. 701 provides three requirements for admissibility of opinion testimony by lay witnesses:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and *(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.*

(Emphasis added.) Fed.R.Evid. 701 was amended in 2000 to add element (c). "The amendment was designed to make clear that courts must scrutinize witness testimony to ensure that all testimony based on scientific, technical or other specialized knowledge is subjected to the reliability standard of Rule 702." *U.S. v. Conn*, 297 F.3d 548, 553 (7th Cir. 2002).

The advisory committee notes set forth the rational for the addition of element (c):

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing...By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26...by simply calling an expert witness in the guise of a layperson.

*See also Chen v. Mayflower Transit, Inc.,* 2004 U.S. Dist. LEXIS 16170, *8-9 (N.D. Ill. 2004); *Nichols v. Johnson*, 2002 U.S. Dist. LEXIS 7745, *14 (N.D. Ill. 2002).

Mr. Norcross' expert opinions set forth in his declaration are clearly not lay opinions. As this Court has already recognized, the "analysis of a system's flow patterns is based on *technical and scientific data*." (Ex. D (Order, July 18, 2002, Dkt. Entry No. 74 (emphasis added)).) Accordingly, it is clear that any such testimony from Mr. Norcross would be Rule 702 opinion testimony:

> Lay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events...Expert opinion, by contrast, need not be based on first hand knowledge of the facts of the case. *It brings to an appraisal of those facts a scientific, technological or other specialized knowledge that the lay person cannot be expected to possess*.

*U.S. v. Conn*, 297 F.3d at 554 (internal citation omitted) (emphasis added).

## III. CONCLUSION

Liquid Dynamics respectfully requests an Order excluding testimony relating to undisclosed or untimely expert opinions of Mr. Norcross and Mr. Bathija.

Date:   August 30, 2004

*Mark W. Hetzler*
Steven C. Schroer
Mark W. Hetzler
Timothy P. Maloney
Jon A. Birmingham
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
(312) 577-7000
*Counsel for Liquid Dynamics Corporation*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing PLAINTIFF'S MOTION IN LIMINE #2: TO EXCLUDE UNDISCLOSED AND UNTIMELY EXPERT TESTIMONY OF KEN NORCROSS AND PRAKASH R. BATHIJA was caused to be served by the methods indicated:

### VIA HAND DELIVERY
Alan L. Unikel
Louis S. Chronowski
SEYFARTH SHAW
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603-5803
(Fax No. 312/269-8869)

and

### VIA FACSIMILE AND 1ST CLASS MAIL
Robert J. Carlson
Ward Brown
Mark P. Walters
CHRISTENSEN O'CONNOR JOHNSON KINDNESS, PLLC
1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101-2347
(Fax No. 206/224-0779)

counsel for defendant, this 30th day of August, 2004.

_Mark W. Hosler_

350334

# See Case File for Exhibits