IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIQUID DYNAMICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VAUGHAN COMPANY, INC.,<br><br>Defendant. | Civil Action No. 01 C 6934<br><br>Judge Suzanne B. Conlon<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR PLAINTIFF'S COMBINED MOTION TO REGISTER JUDGMENT IN OTHER DISTRICTS AND MEMORANDUM IN SUPPORT THEREOF** |

**TO:** Alan L. Unikel  
Louis S. Chronowski  
SEYFARTH SHAW  
55 East Monroe Street, Suite 4200  
Chicago, Illinois 60603-5803

Robert J. Carlson  
Ward Brown  
CHRISTENSEN O'CONNOR JOHNSON KINDNESS, PLLC  
1420 Fifth Avenue, Suite 2800  
Seattle, Washington 98101-2347

PLEASE TAKE NOTICE that on Thursday, December 2, 2004 at 9:00 a.m., or as soon thereafter as counsel may be heard in the above-captioned action, the plaintiff shall appear before the Honorable Suzanne B. Conlon, or before any Judge sitting in her stead, in courtroom 1425 at the United States Courthouse for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached PLAINTIFF'S COMBINED MOTION TO REGISTER JUDGMENT IN OTHER DISTRICTS AND MEMORANDUM IN SUPPORT THEREOF.

Date: November 29, 2004

_Mark W. Hetzler_  
Steven C. Schroer  
Mark W. Hetzler  
Timothy P. Maloney  
Jon A. Birmingham  
FITCH, EVEN, TABIN & FLANNERY  
120 South LaSalle Street, Suite 1600  
Chicago, Illinois 60603  
(312) 577-7000  

*Counsel for Liquid Dynamics Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



RECEIVED
FILED
NOV 29 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LIQUID DYNAMICS CORPORATION, | ) |
| Plaintiff, | ) Civil Action No. 01 C 6934 |
| v. | ) Judge Suzanne B. Conlon |
| VAUGHAN COMPANY, INC., | ) PLAINTIFF'S COMBINED MOTION |
| Defendant. | ) TO REGISTER JUDGMENT IN OTHER |
| | ) DISTRICTS AND MEMORANDUM IN |
| | ) SUPPORT THEREOF |

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff, Liquid Dynamic Corporation ("Liquid Dynamics"), respectfully moves this Court, pursuant to 28 U.S.C. §1963, for an order allowing registration in other districts of the Judgment entered on November 15, 2004 and any subsequent judgments entered in this matter against defendant, Vaughan Company, Inc. ("Vaughan"). There is good cause warranting immediate registration in the State of Washington because Liquid Dynamics is aware of no property or other assets located in the State of Illinois that are held by Vaughan that could satisfy the Judgment. Instead, all information available to Liquid Dynamics shows that a majority, if not all, of Vaughan's assets are located in the State of Washington. Therefore, Liquid Dynamics should be permitted to immediately register the Judgment and any other subsequent judgments in the case in that district for satisfaction.

### II. ARGUMENT

Pursuant to 28 U.S.C. §1962, "[e]very judgment rendered by a district court within a State shall be a lien on the property located in such State ...." Thus, the Judgment in this case when registered in the State of Illinois becomes a lien on any property that Vaughan may have in Illinois.

However, based upon Liquid Dynamics current understanding, Vaughan does not have any assets or other interests located in Illinois to satisfy the Judgement in this case. For example, Vaughan is a State of Washington corporation with its principle place of business in Montesano, Washington. The recent D & B Report confirms that Vaughan operates from only the single

227

Washington facility and indicates that Vaughan owns the facility. (Exhibit A (highlighted for reference).)[1] The D&B report also discloses that the Uniform Commercial Code filings were made in the State of Washington. This is a strong indicator that Vaughan's assets are located in the State of Washington. Therefore, everything points to the conclusion that Vaughan's only facility, equipment, inventory, etc. are all located in the State of Washington and that Vaughan has nothing in Illinois.

In such situations, 28 U.S.C. § 1963 provides (emphasis added):

> A judgment in an action for recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any judicial district ... when the judgment has become final by appeal or expiration of the time for appeal ***or when ordered by the court for good cause.***

"Good cause can be shown 'upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient in the rendering district to satisfy the judgment.'" *Associated Business Tel. Sys. Corp. v. Greater Capital Corp.*, 128 F.R.D. 63, 68 (D. N.J. 1989) (quoting Siegel, *Commentary to 1988 Revision,* 28 U.S.C. 1963 (West Supp. 1989)) (attached hereto as Exhibit D).

### III. CONCLUSION

Based on the foregoing, good cause exists for permitting Liquid Dynamics to immediately register the Judgment and any subsequent judgments in this case in the State of Washington. Vaughan has substantial property in Washington and insufficient property in Illinois to satisfy any judgments in this case. Because good cause exists, Liquid Dynamics should not have to wait until an appeal is decided to commence satisfaction of any judgments in this case and, therefore, should be permitted to take advantage of the most expeditious process, *i.e.*, 28 U.S.C. §1963, to begin obtaining payment of the Judgment. Therefore, Liquid Dynamics respectfully requests an order finding that good cause exists under 28 U.S.C. §1963 and, therefore, that Liquid Dynamics is

---

[1] The undersigned declares under the penalty of perjury that I personally had the D&B Report obtained and that the copy contained in Exhibit A hereto is a true and accurate copy of that report.

-3-

permitted to immediately register the Judgment and any other subsequent judgments in this case in other districts.

Date:   November 29, 2004

*Mark W. Hetzler*
Steven C. Schroer
Mark W. Hetzler
Timothy P. Maloney
Jon A. Birmingham
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
(312) 577-7000
*Counsel for Liquid Dynamics Corporation*

*See Case File for Exhibits*