IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIQUID DYNAMICS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 6934 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| VAUGHAN COMPANY, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Liquid Dynamics Corporation ("Liquid Dynamics") sued Vaughan Company, Inc. ("Vaughan") for infringement of U.S. Patent No. 5,458,414 pursuant to 35 U.S.C. § 271 *et seq*. On November 15, 2004, judgment was entered in Liquid Dynamics' favor on all counts. Liquid Dynamics moves to recover $57,460.94 in costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1920, 1924.

## DISCUSSION

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case;

1

(5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Liquid Dynamics seeks $57,460.94 in costs.

**A.     Fees of the Clerk**

Liquid Dynamics seeks $150.00 for the complaint filing fee pursuant to § 1920(1). Vaughan does not object to this fee. Section 1920(1) permits the recovery of filing fees and the $150.00 fee is awarded.

**B.     Fees of the Court Reporter**

**1.     Deposition Transcripts**

Section 1920(2) authorizes the taxing of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To be recoverable, the deposition must be reasonably necessary to the case at the time it was taken. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Liquid Dynamics seeks $6,015.48 for deposition transcripts at the current Judicial Conference rate of $3.30 per page for an original transcript and $0.83 for a copy of the transcript.

Vaughan contends the depositions were unnecessary. Vaughan's cursory argument for most of the transcripts is "the transcript was unnecessary and plaintiff did not use the transcript at trial." Vaughan's argument must be rejected. The court may award costs for transcripts not used at trial. *See Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). Moreover, Vaughan's argument is disingenuous. After successfully moving for summary judgment, Vaughan sought deposition transcript costs for 22 of the 23 witnesses and represented the transcripts were necessary to the case. *See* Dkt. 96-1.

Vaughan does not challenge Liquid Dynamics' proposed copy rates. Nevertheless, the current Judicial Conference rates were not in effect when the depositions were taken. *See* L.R. 54.1(b) ("... the cost of the transcript or deposition shall not exceed the regular copy rate as established by [the Judicial Conference] *and in effect at the time the transcript or deposition was filed ...*") (emphasis added). The appropriate Judicial Conference rates, in effect at the time of the depositions, were $3.00 per page for an original transcript and $0.75 per page for a transcript copy. Therefore, Liquid Dynamics' request for deposition costs must be reduced as follows:

| Deponent | Transcript | Pages | Cost Per Page | Total |
| --- | --- | --- | --- | --- |
| Glenn Dorsch | Original | 408 | $3.00 | $1,224.00 |
| Dale Vaughan | Original | 76 | $3.00 | $228.00 |
| Robert Simonetti | Original | 155 | $3.00 | $465.00 |
| John Hayes | Original | 45 | $3.00 | $135.00 |
| Richard Lueptow | Copy | 240 | $0.75 | $180.00 |
| Robert Briedenthal | Original | 120 | $3.00 | $360.00 |
| Ward Brown | Original | 163 | $3.00 | $489.00 |
| Larry Vaughan | Copy | 60 | $0.75 | $45.00 |
| Robert Sandler | Original | 99 | $3.00 | $297.00 |
| Mark Crump | Copy | 228 | $0.75 | $171.00 |
| Edward Gillette, Jr. | Copy | 139 | $0.75 | $104.25 |
| Richard Behnke | Original | 130 | $3.00 | $390.00 |
| Perry Hoffman | Copy | 34 | $0.75 | $255.00 |
| James Hamill | Copy | 43 | $0.75 | $32.25 |
| James McGovern | Copy | 50 | $0.75 | $37.50 |
| Bruce Mansfield | Copy | 50 | $0.75 | $37.50 |
| Jared Proctor | Copy | 178 | $0.75 | $133.50 |

3

| Charles Kuyk, III | Original | 136 | $3.00 | $408.00 |
|---|---|---|---|---|
| Kent Kerran | Original | 51 | $3.00 | $153.00 |
| Howard Rockman | Copy | 112 | $0.75 | $84.00 |
| Anup Paul | Copy | 102 | $.075 | $76.50 |
| Ronald Siegar | Original | 119 | $3.00 | $357.00 |
| Philip Patton | Original | 10 | $3.00 | $30.00 |
| **Total** | | | | **$5,692.50** |

#### 2. Court Reporter Fees

Liquid Dynamics seeks $2,005.50 in court reporter attendance fees. Liquid Dynamics may recover court reporter attendance fees under Section 1920(2) as part of the reasonable and necessary costs in obtaining a deposition transcript. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (court may award court reporter attendance fees as taxable costs). Vaughan does not object to these fees. The hourly fees, ranging from $31.00-$44.00 per hour, are reasonable. *See Riley v. UOP LLC*, 258 F. Supp. 2d 841, 844 (N.D. Ill. 2003) (hourly rate of $33.00 reasonable); *McCollough v. O'Neill*, No. 01 C 6510, 2003 U.S. Dist. LEXIS 2973, *6 (N.D. Ill. Feb. 28, 2003) (court reporter hourly rates of $30.00 and $60.00 reasonable). Therefore, Liquid Dynamics is awarded $2,005.50 for court reporter attendance fees.

#### 3. Trial Transcripts

Liquid Dynamics seeks $570.21 for trial transcript costs. Liquid Dynamics asserts the transcripts were necessary to consider Vaughan's four post-trial motions. Vaughan argues the transcripts were unnecessary because the court denied the motions without ordering responsive briefing. "Whether a transcript was necessary is determined based on the facts at the time it was requested, and the use of testimony from the transcript is not a prerequisite to finding that the

4

transcript was necessary." *Oviedo v. Jones*, No. 99 C 5216, 2004 U.S. Dist. LEXIS 16770, *5 (N.D. Ill. Aug. 19, 2004), *citing Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). The court finds the trial transcripts were necessary because it was reasonable for Liquid Dynamics to anticipate it would be required to respond to the post-trial motions for *remittitur* and a new trial. Further, Liquid Dynamics only requested transcripts Vaughan cited in its post-trial motions. Liquid Dynamics purchased the transcripts at the daily transcript rate of $1.10 per page, but seeks recovery at the ordinary transcript rate of $0.83 per page. Applying the current Judicial Conference rate of $0.83 per page, the court awards Liquid Dynamics $570.21 for trial transcript costs.

### C. Witness Fees

Liquid Dynamics seeks $21,064.34 in witness fees pursuant to 28 U.S.C. § 1920(3).

#### 1. Expert Witness Deposition Attendance

Liquid Dynamics seeks $7,362.50 in fees for the time its expert witnesses spent traveling to and attending their depositions by Vaughan. A prevailing party seeking reimbursement for fees paid to its own expert witness may not use Rule 54(d) to exceed the $40.00 per day witness fee limitation. *Crawford Fitting*, 482 U.S. at 441-42. However, expert fees in excess of the $40.00 per day limit are recoverable pursuant to Fed. R. Civ. P. 26(b)(4)(C)(i). *Chambers v. Ingram*, 858 F.2d 351, 360 (7th Cir. 1988). Rule 26(b)(4)(c) provides that, "[u]nless manifest injustice would result, (i) the court shall require the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery..." Fed. R. Civ. P. 26(b)(4)(c)(i). Liquid Dynamics seeks the following:

| Deponent | Expertise | Hours Deposed | Hourly Rate | Total |
|---|---|---|---|---|
| Richard Lueptow | Fluid Dynamics | 9.5 | $100.00 | $950.00 |
| James McGovern | Damages | 7.0 | $225.00 | $1,575.00 |
| Edward Gillette | Wastewater Treatment | 16.0 | $150.00 | $2,400.00 |
| Howard Rockman | Patent Prosecution | 7.5 | $325.00 | $2,437.50 |
| | | | | $7,362.50 |

Vaughan does not dispute the experts' expertise in their respective areas, the reasonableness of their hourly fees, or the appropriateness of recovery for time spent in deposition. Instead, Vaughan objects to the amount of time sought for each witness' time spent traveling in connection with their depositions. Vaughan argues the fees are excessive because: (1) Lueptow spent 8 hours in deposition, seeks 1.5 hours in travel and has offices in downtown Chicago; (2) McGovern spent 6 hours in deposition, seeks 1 hour in travel and has offices in downtown Chicago; (3) Gillette spent 5 hours in deposition, seeks 11 hours in travel, and could have been deposed in Philadelphia instead of Chicago; and (4) Rockman spent 3.5 hours in deposition, seeks 4 hours for travel and has offices in downtown Chicago.

Rule 26(b)(4)(C)(i) permits recovery of an expert's reasonable fees for time spent responding to discovery. In effect, the rule permits an expert witness to circumvent 28 U.S.C. § 1821's limitation of $40.00 for each day of attendance. *See Chambers*, 858 F.2d at 360. However, Liquid Dynamics fails to cite authority supporting its assertion that an expert's travel time may be recovered at his hourly rate under Rule 26(b)(4)(C). There is no authority for this proposition in this Circuit. Other district courts permit recovery of travel fees. *See e.g., Lent v. Fashion Mall Partners, L.P.*, 223 F.R.D. 317 (S.D.N.Y. 2004); *Frederick v. Columbia Univ.*, 212 F.R.D. 176 (S.D.N.Y. 2003);

6

*Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1136 (E.D. Mo. 1998); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646-47 (E.D.N.Y. 1997). The court therefore finds a reasonable fee for time spent traveling to depositions falls within the purview of "time spent responding to discovery" under Rule 26(b)(4)(C).

It is unreasonable for witnesses with downtown Chicago offices to charge travel time to depositions, particularly in the time ranges and hourly fees sought. Therefore, travel charges for Lueptow, McGovern and Rockman are denied. The 11 hours charged by Gillette for travel is excessive, particularly in light of the fact that his deposition took only 5 hours. Vaughan has submitted evidence demonstrating it intended to depose Gillette in Philadelphia, but Liquid Dynamics voluntarily brought Gillette to Chicago instead. Liquid Dynamics contends it brought Gillette to Chicago for the convenience of all parties. Vaughan is not required to pay Gillette's hourly fee for unnecessary travel to Chicago. *See M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997) ("Since [responding attorney] elected to have [expert's] deposition take place in Chicago it should bear all costs associated with his travel and lodging"). Accordingly, Liquid Dynamics is entitled to recover expert travel time fees as follows:

| Deponent | Total Recoverable Hours | Hourly Rate | Total |
|---|---|---|---|
| Richard Lueptow | 8.0 | $100.00 | $800.00 |
| James McGovern | 6.0 | $225.00 | $1,350.00 |
| Edward Gillette | 5.0 | $150.00 | $ 750.00 |
| Howard Rockman | 3.5 | $325.00 | $1,137.50 |
| | | | $4,037.50 |

### 2. Expert Witness Deposition Preparation

Liquid Dynamics seeks $8,787.50 for the experts' time spent preparing for their depositions. As a general rule in this Circuit, costs for deposition preparation are not compensable under Rule 26. *See Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96 C 6135, 2000 U.S. Dist. LEXIS 14074, *19 (N.D. Ill. Sept. 22, 2000), *citing M.T. McBrian*,173 F.R.D. at 493. However, compensation for deposition preparation is appropriate in complex cases where experts must review voluminous documents. *Id.*; *see also McClain v. Owens-Corning Fiberglas Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996); *Collins v. Village of Woodridge*, 197 F.R.D. 354, 358-58 (N.D. Ill. 1999) ("we think that it is entirely fair, and authorized by Rule 26(b)(4)(C)(i) . . . to require a party who seeks to depose an expert from whom he has received a written report . . . to pay the reasonable fees associated with the expert's time reasonably spent preparing for the deposition"). Liquid Dynamics also seeks recovery for the time two witnesses spent reviewing their depositions for accuracy. Vaughan admits this was a complex case and does not object to the time each witness spent preparing. Rather, Vaughan contends Liquid Dynamics fails to provide sufficient detailed evidence reflecting the documents reviewed by each witness and the necessity of reviewing each document.

To the contrary, Liquid Dynamics submits affidavits from each witness reflecting hundreds of reviewed documents, by title and bates number, and an explanation that the documents were relied upon in preparing their expert reports. Mot. at Exs. 5-8. As each witness attests, it was reasonable for the witnesses to review their expert reports and the documents they relied upon to prepare for their depositions. Review of the depositions for accuracy, particularly given the technical content

of the testimony, was reasonable to ensure accurate responses to discovery. Liquid Dynamics is entitled to witness preparation fees as follows:

| Deponent | Total Recoverable Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Richard Lueptow | 5.5 | $100.00 | $550.00 |
| James McGovern | 12.5 | $225.00 | $2,812.50 |
| Edward Gillette | 14.5 | $150.00 | $2,175.00 |
| Howard Rockman | 10.0 | $325.00 | $3,250.00 |
| | | | **$8,787.50** |

### 3. Travel Expenses

Liquid Dynamics seeks $3,183.10 for Gillette's travel expenses pursuant to 28 U.S.C. §§ 1821, 1920(3). Liquid Dynamics asserts Gillette necessarily traveled to Chicago from Philadelphia on three occasions: (1) one night prior to his May 2002 deposition; (2) five nights during the October 2004 jury trial; and (3) one night prior to the November 2004 bench trial. Liquid Dynamics contends Gillette's presence during the entire trial was necessary "to observe the testimony and demeanor of Vaughan's witnesses at trial so he could effectively rebut their testimony." Mot. at 7. Vaughan argues Gillette's travel to Chicago for his deposition and his presence throughout the entire trial were unnecessary.

Liquid Dynamics voluntarily brought Gillette to Chicago for deposition, despite the fact that Vaughan noticed the deposition in Philadelphia. Accordingly, Liquid Dynamics must absorb the travel expenses for Gillette's travel and lodging to attend his May 2002 deposition. *See M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997) ("Since [responding attorney]

9

elected to have [expert's] deposition take place in Chicago it should bear all costs associated with his travel and lodging"). Gillette's attendance throughout the trial, however, was not clearly unwarranted. Gillette served as Liquid Dynamics' industry expert and his presence during trial pertained to potential rebuttal testimony. In *Nat'l Diamond Syndicate Inc. v. Flanders Diamond USA Inc.*, No. 00 C 6402, 2004 U.S. Dist. LEXIS 12742, *15-16 (N.D. Ill. July 7, 2004), the court permitted recovery of subsistence costs for witnesses who attended trial beyond the days of their testimony for purposes of evaluating the opponent's witnesses for potential rebuttal testimony. Further, Gillette's availability to testify as needed facilitated an expeditious trial process. *See Frahm v. Equitable Life Assur. Soc'y of the United States*, No. 93 C 0081, 2000 U.S. Dist. LEXIS 10406, *3-4 (N.D. Ill. July 17, 2000) (out-of-town witness' presence at trial beyond days testified facilitated expeditious trial); *see also Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir. 1987) (witness fees compensate for availability and readiness to testify rather than for actual testimony). Liquid Dynamics is therefore entitled to recover transportation costs, including coach airfare and lodging, for Gillette's trial attendance. The maximum *per diem* rate for Chicago lodging in 2004 was $200. Liquid Dynamics provides documentation for Gillette's lodging and airfare expenses. Accordingly, Liquid Dynamics is awarded $2,769.60 for Gillette's trial travel expenses.

### 4. Trial Attendance and Witness Fee Checks

Liquid Dynamics seeks $880.00 for trial attendance witness fees and $851.24 for witness fee checks. Liquid Dynamics fails to provide any evidence reflecting payment of attendance fees. Because there is no documentation to support the $880.00 attendance fee request, it must be denied.

Liquid Dynamics asserts the amounts of the witness fee checks were calculated based upon the statutory limit of $40.00 plus reasonable travel expenses, primarily related to mileage. No evidence has been proffered concerning the witnesses' travel expenses or mileage. The court cannot assess the accuracy of the $851.24 total calculation. Accordingly, recovery is limited to the $40.00 statutory limit for each witness. *See Herman v. Central States, Southeast and Southwest Areas Pension Fund*, No. 03 C 1010, 2003 U.S. Dist. LEXIS 22572, *12 (N.D. Ill. Dec. 12, 2003); *Menasha Corp. v. News America Marketing In-Store, Inc.*, No. 00 C 1895, 2003 U.S. Dist. LEXIS 13405, *9 (N.D. Ill. July 31, 2003). Liquid Dynamics is therefore awarded $480.00 for witness fee checks pursuant to § 1920(3).

**D.     Exemplification and Copying Fees**

   **1.     Exemplification**

Exemplification expenses associated with preparation of exhibits and demonstrative aids may be recoverable costs under 28 U.S.C. § 1920(4) "so long as the means of presentation furthers the illustrative purpose of an exhibit." *See Ceflau v. Village of Elk Grove*, 211 F.3d 416, 427-28 (7th Cir. 2000). Liquid Dynamics seeks $11,982.60 for exhibit illustration boards used at trial during opening statements, closing arguments, and witness examinations. Liquid Dynamics also seeks $4,839.00 for a scale model of a Vaughan installation used by multiple witnesses during their examinations to aid the jury's understanding of the litigation issues. Vaughan challenges the necessity of the exhibits as well as the reasonableness of the costs.

At the final pre-trial conference, the court suggested that the parties make the case as interesting as possible for the jury. The exhibits are of a type and nature recoverable under §

1920(4), and were helpful to the jury's understanding of a complex patent case involving flow dynamics. *See e.g., Ceflau*, 211 F.3d at 428 ("enlarging a crucial document . . . may be the only practical means of permitting a witness to point out the forensic features of that document"); *Vardon Golf Co., Inc. v. Karsten Mauf. Corp.*, No. 99 C 2785, 2003 U.S. Dist. LEXIS 5072, *36-37 (N.D. Ill. 2002) (costs awarded for preparation of enlarged golf club models); *Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.*, No. 84 C 6113, 1992 WL 199826, *2 (N.D. Ill. Aug. 6, 1992) (costs taxed for exhibits created to illustrate patent characteristics and infringing products to jury). Nor are the amount of costs unreasonable for a complex trial. *See e.g, Ceflau*, 211 F.3d at 427-29 (awarding over $27,000 for computerized, multimedia presentation). The court finds the exhibits were necessary and appropriate for use in a jury trial. Liquid Dynamics provides sufficient documentation for the costs and is awarded $16,821.60.

2. **Copying Fees**

Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "Included in the category of costs 'reasonably necessary for use in the case' are copies attributable to discovery and the court's copies of pleadings, motions and memoranda; however, extra copies for the convenience of the attorneys are not necessary and are not taxed as costs." *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *1 (N.D. Ill. Mar. 3, 1998). Liquid Dynamics seeks: (1) $5,266.87 for copies of pleadings filed with the court; (2) $4,645.38 for copies of trial exhibits; (3) $552.20 for discovery documents; and (4) $369.36 for copies of expert reports. Vaughan does not specifically object to the appropriateness of recovery for any of the copies. Rather, Vaughan objects generally that Liquid Dynamics inadequately explains the copies' necessity and challenges the sufficiency of Liquid Dynamics' documentation.

Liquid Dynamics "is not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it "is required to provide the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Liquid Dynamics has provided sufficient documentation of the copies (including the docket numbers, filing dates, document descriptions, number of pages, bates numbers, number of copies, copying charge per page, and total cost) for the court to determine the copies were necessary to the litigation. Further, the copying charge, $0.16 for black and white copies, is reasonable. *See Menasha Corp.*, 2003 U.S. Dist. LEXIS 13405 at *11 ($0.15 per page reasonable); *Rodriguez v. City of Aurora*, No. 02 C 7588, 2003 U.S. Dist LEXIS 17509, *9 (N.D. Ill. Oct. 2, 2003) (copy rates between $0.10 and $0.20 reasonable). Liquid Dynamics seeks costs for five copies of pleadings, one for the clerk, one courtesy copy for the court, one for Liquid Dynamics' counsel, one for Vaughan's local counsel and one for Vaughan's Seattle counsel. Courts typically limit recovery to three sets of copies - one for the clerk and one for each side - unless extra sets are necessary to the case. *See Menasha Corp.*, 2003 U.S. Dist. LEXIS 13405 at *10-11. The two extra sets of pleadings – for the court-requested courtesy copy and for local counsel – were necessary to the case. Liquid Dynamics is awarded a total of $10,833.81 for copying fees.

## CONCLUSION

Liquid Dynamics is awarded the following costs: (1) $150.00 for the court filing fee; (2) $8,268.21 in court reporter fees; (3) $16,074.60 in witness fees; and (4) $27,655.41 for exemplification and copying.

February 24, 2005                                              ENTER:

                                                               *Suzanne B. Conlon*
                                                               Suzanne B. Conlon
                                                               United States District Judge