IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIQUID DYNAMICS CORPORATION, | ) |
| Plaintiff, | ) No. 01 C 6934 |
| v. | ) Suzanne B. Conlon, Judge |
| VAUGHAN COMPANY, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Liquid Dynamics Corporation ("Liquid Dynamics") sued Vaughan Company, Inc. ("Vaughan") for infringement of U.S. Patent No. 5,458,414 ("the '414 patent") pursuant to 35 U.S.C. § 271 *et seq.* On October 25, 2004, Liquid Dynamics received a $1,183,722.00 jury verdict in its favor on willful infringement and invalidity claims, and on November 12, 2004, the court granted Liquid Dynamics' motion for judgment as a matter of law on Vaughan's inequitable conduct counterclaim. Liquid Dynamics was awarded prejudgment and post-judgment interest and injunctive relief on February 22, 2005; Liquid Dynamics was also awarded $52,148.22 in costs. Dkt. No. 263. On March 22, 2005, Liquid Dynamics was awarded enhanced damages pursuant to 35 U.S.C. § 284 in the amount of $2,367,444. *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01 C 6934, 2005 U.S. Dist. LEXIS 6162, *4-7 (N.D. Ill. Mar. 22, 2005). Liquid Dynamics now seeks $1,615,455 in attorney's fees, $69,427 in expert fees and $143,120 in costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

# DISCUSSION

## I. Timeliness

Vaughan contends Liquid Dynamics' motion for attorney's fees is untimely under Local Rule 54, which requires the motion be filed no later than 90 days after judgment. Judgment was entered on the inequitable conduct counterclaim on November 15, 2004. Liquid Dynamics filed its original attorney's fees motion on February 10, 2005 – within the 90 day limit. The motion for fees was complete, but Liquid Dynamics requested leave to supplement the motion to include fees incurred in bringing the motion. Because the filing, on its face, indicated Liquid Dynamics sought leave to file additional materials, the court struck the motion without prejudice on February 15th. Liquid Dynamics filed a renewed motion for attorney's fees – and withdrew its request to supplement with additional fees – the next day. While the renewed motion was filed after the 90 day deadline, the original timely filing and the renewed filing request an identical amount in fees and costs. Vaughan has therefore not been prejudiced. Vaughan received timely service of the motion. Because the original motion included the parties' Local Rule 54.3 joint statement, Vaughan was on notice of the bases for Liquid Dynamics' motion in January 2005. Accordingly, the motion is timely.[1]

## II. Attorney's Fees

### A. Exceptional Case

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The requirements for awarding attorney's fees under § 285 are: "(1) the case must

---

[1] Vaughan reminds the court that its attorney's fees motion was struck as untimely after it succeeded on summary judgment. *See* Dkt. No. 111-1. However, Vaughan completely failed to file its motion within the 90-day limit and failed to provide Liquid Dynamics with documentation of fees as required by Local Rule 54.3(d)(4).

2

be exceptional; (2) the district court may exercise its discretion; (3) the fees must be reasonable; and (4) the fees may be awarded only to the prevailing party." *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 470 (Fed. Cir. 1985). Liquid Dynamics is clearly the prevailing party. Accordingly, the court must determine whether the case is exceptional, whether to exercise discretion in awarding fees, and whether the requested fees are reasonable.

As the prevailing party, Liquid Dynamics bears the burden of proving the exceptional nature of the case by clear and convincing evidence. *See e.g., Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). A willful infringement finding is sufficient to support an attorney's fee award. The court must explain the failure to award attorney's fees in the face of a willfulness determination. *See e.g., Applied Med. Res. Corp. v. United States Surgical Corp.*, 967 F. Supp. 861 (E.D. Va. 1997), *citing Avia Group Int'l v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1566 (Fed. Cir. 1988). However, neither a willfulness determination nor an enhanced damages award compel attorney's fees. *See id.* The attorney's fee award remains a matter of discretion. *Id.*

Liquid Dynamics contends this case is exceptional because of the willful infringement verdict, Vaughan's intentional copying of the '414 patent and because Vaughan had no good faith belief of non-infringement. Vaughan's contentions regarding the absence of evidence of copying and its reasonable belief of non-infringement must be rejected. The court addressed and rejected those arguments in its enhanced damages ruling and determined: (1) the evidence supports a finding that Vaughan deliberately copied Liquid Dynamics' patented design; and (2) the jury's rejection of Vaughan's good faith defense was supported by sufficient evidence. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01 C 6934, 2005 U.S. Dist. LEXIS 6162, *4-7 (N.D. Ill. Mar. 22, 2005). In light of the willfulness verdict, the evidence of intentional copying and the lack of evidence to

support a good faith defense, the exceptional nature of the case has been established by clear and convincing evidence.

Liquid Dynamics further contends the court should exercise its discretion to award fees because Vaughan engaged in litigation misconduct. To the extent Liquid Dynamics points to a Vaughan witness' deposition testimony, the insufficiency of Vaughan's discovery production, Vaughan's post-trial motions and Vaughan's examination of witnesses at trial, the arguments are disregarded. Nevertheless, the court agrees Vaughan's behavior as a litigant was inappropriate. Vaughan's misconduct is detailed in the ruling that enhanced damages are justified. *See Liquid Dynamics*, 2005 U.S. Dist. LEXIS 6162 at *7-11. Vaughan's pattern of irresponsible litigation behavior proliferated the litigation, caused unreasonable expense and wasted judicial resources.[2] Accordingly, the court exercises its discretion to award attorney's fees.

**B.     Reasonableness of Fees**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). After the initial calculation, "there remain other considerations that may lead the district court to adjust the fee upward or downward." *Id.* at 434. Other considerations may include proper documentation of hours worked, overstaffing, redundant work, excessive hours, and the ultimate result of the litigation." *Id.* at 433-34.

---

[2]Vaughan contends Liquid Dynamics also engaged in litigation misconduct and, if the court awards fees based on misconduct, the amount should be reduced to $50,000, "the maximum amount of attorney's fees Liquid Dynamics may have incurred in response to the alleged misdeeds." Resp. at 17. Vaughan provides no support for its $50,000 figure and its petty allegations of misconduct are not comparable to its own conduct.

Liquid Dynamics calculates its attorney's fees as:

| Attorney/Biller | Avg. Rate | Hours | Total |
|---|---|---|---|
| Steven C. Schroer | $467.68 | 388.60 | $181,739.00 |
| Mark W. Hetzler | $336.85 | 2090.07 | $704,048.70 |
| Jon A. Birmingham | $207.93 | 1957.25 | $406,973.75 |
| Other Partners | $322.44 | 268.35 | $86,526.25 |
| Other Associates and Law Clerks | $130.59 | 716.58 | $93,578.60 |
| Paralegals and Other Support | $101.95 | 1398.57 | $142,589.00 |
| Total: | | | $1,615,455.30 |

Vaughan argues the requested $1,615,455.30 must be reduced by $691,799.80: (1) $236,167.60 for fees charged by non-lawyers; (2) $253,632.20 for inadequate billing descriptions; and (3) $202,000 for excessive staffing of litigators.

1. **Reasonableness of Hourly Rates**

Liquid Dynamics bears the burden of proving that "the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *View Eng., Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 987 (Fed. Cir. 2000) (citations omitted). Accordingly, Liquid Dynamics compares its attorneys' average rates with the surveyed rates for Chicago intellectual property attorneys reflected in the American Intellectual Property Association ("AIPLA") 2003 survey. The AIPLA survey has been used by other courts in determining the reasonableness of hourly rates. *See e.g., View*, 208 F.3d at 987; *Mathis v. Spears*, 857 F.2d 749, 755-56 (Fed. Cir. 1988); *Howes v. Medical Components, Inc.*, 761 F. Supp. 1193, 1196-97 (E.D. Pa. 1990). Liquid Dynamics' three principal attorneys were Steven C. Schroer, Mark W. Hetzler and Jon A. Birmingham. All attorneys practice at the Fitch, Even, Tabin & Flannery law

5

firm. Schroer and Hetzler are firm partners. A comparison of the attorneys' average rates with the AIPLA study reflects:

| Attorney | Experience | Rate Range (2001-2004) | Average Rate | AIPLA Survey (median) | AIPLA Survey (75th percentile) |
|---|---|---|---|---|---|
| Schroer | 30-34 years | $415-475 | $467.68 | $370 | $450 |
| Hetzler | 10-14 years | $300-360 | $336.85 | $300 | $350 |
| Birmingham | <5 years | $185-235 | $207.93 | $196 | $230 |

Vaughan does not seriously contest the reasonableness of the attorneys' rates. Indeed, Hetzler's average rate of $336.85 is comparable to Vaughan attorney Robert Carlson's $359.29 rate. Birmingham's $207.93 average rate is comparable to Vaughan attorney Mark Walters' $230.16 rate. Schroer's average rate is higher than the Vaughan's attorneys' rates, and slightly higher than the AIPLA 75th percentile range, but it is not unreasonable. The AIPLA survey was based on results through May 26, 2003. It is reasonable to infer that litigation fees have increased since the survey's completion. Liquid Dynamics' hourly rates are reasonable.

2.  **Number of Litigators and Charges by Non-Lawyers**

Vaughan complains Liquid Dynamics excessively used an army of litigators, secretaries, paralegals and law clerks in the litigation, resulting in an outrageous fee request that is $600,000 more than the jury's damages award. Preliminarily, the fact that the fee request exceeds the jury's verdict is not atypical in a patent case, and Vaughan provides no support to suggest otherwise. Nor does Vaughan support its argument that Liquid Dynamics inappropriately staffed the case. "Beyond the principle of reasonableness, parties need not justify their billing practices nor their use of time and resources in litigation." *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 U.S.

6

Dist. LEXIS 5072, at *14 (N.D. Ill. Mar. 31, 2003). Many individuals worked on Liquid Dynamics' behalf. However, the billing records reflect Schroer, Hetzler and Birmingham handled the majority of the work. Vaughan does not dispute that each party's litigation team consisted primarily of two partners, one associate and three paralegals. Vaughan contends Liquid Dynamics' expenditures exceeded Vaughan's by more than 36%. However, Vaughan fails to show that the difference in expenditures is unreasonable. *See id.* at *7 (prevailing party received almost all of its requested 8966.65 hours even where non-prevailing party spent 3153.82 hours). Accordingly, Vaughan's objections to Liquid Dynamics' staffing of the case are rejected.

Vaughan also objects to Liquid Dynamics' request for fees charged by non-lawyers. Attorney's fees under § 285 include expenditures the prevailing party incurs in preparation for and performance of legal services related to the suit. *See e.g., Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Fees under § 285 may include time charged by non-legal personnel and paralegal personnel. *See id., citing Codex Corp. v. Milgo Electronic Corp.*, 541 F. Supp. 1198, 1201 (D. Mass. 1982). However, secretarial tasks are generally considered overhead costs that are unrecoverable as attorney's fees. *See e.g., Roe v. Chicago*, 586 F. Supp. 513, 516 (N.D. Ill. 1984); *see also, Burnley v. City of San Antonio*, No. SA-02-CA-0489 NN, 2004 U.S. Dist. LEXIS 21565, *11-13 (W.D. Tex. Sept. 15, 2004). Liquid Dynamics seeks $5197.50 for secretarial overtime; its billing invoices reflect charges for secretarial "document supervision." These fees are inappropriate. The fees request is reduced by $5197.50.

### 3. Adequacy of Billing Descriptions

Liquid Dynamics attaches copies of billing invoices to support its motion. Mot. at Ex. 29. Vaughan contends many of the invoice entries lack sufficient description to enable a determination

7

as to whether the expenditure was reasonably incurred. Vaughan also contends Liquid Dynamics has not submitted copies of checks demonstrating that all billed fees were actually paid. "Although the amount the client paid the attorney is one factor for the court to consider in determining a reasonable fee, it does not establish an absolute ceiling." *Junker v. Eddings*, 396 F.3d 1359, 1365 (Fed. Cir. 2005). The submission of checks that Liquid Dynamics paid to its attorneys is not essential.

However, Liquid Dynamics heavily redacted its billing invoices. As a result, many descriptions prevent the court from evaluating the reasonableness of some purported costs. *See e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983) (where documentation is inadequate district court may reduce the award); *Vardon*, 2003 U.S. Dist. LEXIS 5072, at *17 (not awarding fees for vaguely described "pretrial preparation and strategy.") "[A]ttorneys are required to submit reasonably specific information to support the award of attorney's fees"); *see also Junker*, 396 F.3d at 1366 (evidence required to determine a reasonable attorney fee includes detailed billing records). Indeed, some requested fees do not even have a description. Further, some entries appear unreasonably duplicative. The following challenged entries fail to meet "a fee applicant's heavy obligation to present well-documented claims," *see Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004), and are not awarded:

| Date | Attorney | Hours | Cost | Description |
|------|----------|-------|------|-------------|
| 8/17/01 | TPM | 2.25 | $675.00 | Reviewed _____ and conference with attorney Hetzler regarding _____ litigation |
| 9/25/01 | MWH | 2.50 | $750.00 | Review legal research_____ |
| 9/28/01 | MWH | 4.00 | $1200.00 | Review legal research_____ |
| 9/25/01 | SCS | .50 | $207.50 | Confs _____ |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 9/28/01 | SCS | .50 | $207.50 | T/confs _____ |
| 10/10/01 | TPM | .30 | $90.00 | Reviewed Vaughan _____ |
| 10/25/01 | SCS | .25 | $103.75 | Telephone conference _____ |
| 1/21/02 | MWH | 5.00 | $1500.00 | Prepare outline _____ |
| 1/30/02 | MWH | 7.50 | $2250.00 | Preparation _____ letter to opposing counsel re outstanding discovery issues |
| 1/30/02 | JB | 5.50 | $1017.50 | Discuss case with MWH; prepare ____; prepare ____; prepare ____; telephone conference with Mark Crump |
| 1/31/02 | MWH | 7.50 | $2250.00 | Preparation _____; conference with J. Birmingham and potential expert |
| 2/12/02 | NTP | 1.00 | $110.00 | Research _____ |
| 2/14/02 | TPM | .30 | $90.00 | Attention to discovery issues |
| 2/16/02 | JB | 5.00 | $925.00 | Prepare _____ |
| 2/18/02 | NV | 2.67 | $200.25 | Assemble materials _____ |
| 2/20/02 | NTP | 6.00 | $660.00 | Research _____ |
| 3/06/02 | NTP | 3.50 | $385.00 | Prepare _____ |
| 3/09/02 | JB | 3.00 | $600.00 | Prepare _____; prepare _____; discuss matter with MWH; prepare |
| 3/11/02 | JB | 6.00 | $1200.00 | Prepare _____; prepare _____ telephone conference with Lueptow; discuss matter with MWH |
| 3/13/02 | MJR | 3.75 | $375.00 | Attend _____ documents Vaughan produced |
| 4/03/02 | MJR | 3.00 | $300.00 | Research _____ |
| 4/03/02 | NTP | 1.75 | $192.50 | Research _____ |
| 4/04/02 | JB | 5.50 | $1100.00 | Prepare motion. |
| 4/10/02 | MJR | 3.50 | $350.00 | Research _____ |

| 4/10/02 | NTP | .50 | $55.00 | Meet and begin research |
|---------|-----|-----|--------|------------------------|
| 5/03/02 | JM | 3.00 | $300.00 | Working on several small projects for JAB |
| 5/15/02 | KP | 5.00 | $600.00 | Research |
| 5/19/02 | JB | 5.75 | $1150.00 | Prepare |
| 5/20/02 | KP | 6.00 | $720.00 | Research |
| 5/21/02 | JM | 3.00 | $300.00 | Attend to several projects for JAB |
| 5/21/02 | KP | 3.00 | $360.00 | Research |
| 5/22/02 | JM | 2.00 | $200.00 | Attend to several projects for JAB |
| 5/29/02 | JAC | 2.00 | $240.00 | Legal research |
| 5/30/02 | JAC | 1.00 | $120.00 | Continued legal research |
| 5/31/02 | JM | 1.00 | $100.00 | Various projects, refile folders |
| 5/29/02 | SG | 4.00 | $400.00 | Case research |
| 5/30/02 | SG | 3.50 | $420.00 | Case research |
| 6/05/02 | KP | .50 | $60.00 | Research |
| 6/05/02 | JAC | .75 | $90.00 | Legal research |
| 6/06/02 | KP | 4.50 | $540.00 | Research |
| 6/06/02 | JAC | 2.75 | $330.00 | Continue research |
| 6/06/02 | JAC | .50 | $60.00 | Legal research |
| 6/07/02 | KP | 4.00 | $480.00 | Research |
| 6/10/02 | SG | 5.00 | $600.00 | Research case law |
| 6/10/02 | JAC | 3.00 | $360.00 | Legal research |
| 6/12/02 | KP | 3.00 | $360.00 | Research |
| 6/13/02 | SG | 2.00 | $240.00 | Research |
| 6/14/02 | JJH | .25 | $100.00 | Review of materials |
| 6/14/02 | BJL | 2.50 | $250.00 | Research |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 6/19/02 | SG | .75 | $90.00 | Research _____ |
| 6/19/02 | JAC | 1.50 | $180.00 | Legal research _____ |
| 6/19/02 | JAC | .75 | $90.00 | Legal research _____ |
| 6/26/02 | SG | 1.00 | $120.00 | Legal research _____ |
| 6/26/02 | SG | 4.50 | $340.00 | Legal research _____ |
| 6/27/02 | SG | 1.00 | $120.00 | Legal research _____ |
| 7/08/02 | SG | 6.00 | $720.00 | Research_____ |
| 7/09/02 | SG | 3.00 | $360.00 | Legal Research _____ |
| 7/29/02 | JB | 2.25 | $450.00 | _____ |
| 9/11/02 | MWH | .75 | $247.50 | _____ revise notice |
| 9/28/02 | MWH | .50 | $165.00 | Attend to review of _____ telephone counsel re client |
| 10/01/02 | MWH | .75 | $247.50 | Review _____ prepare letter forwarding same to client |
| 11/19/02 | DLP | 5.00 | $800.00 | Research_____ |
| 11/20/02 | DLP | 4.50 | $720.00 | _____discuss matter with MWH |
| 11/22/02 | DLP | 4.40 | $704.00 | Research regarding _____ |
| 1/20/03 | DLP | 6.40 | $1024.00 | Research _____ |
| 1/21/03 | DLP | 8.80 | $1408.00 | Research _____ discussed results of research with Mr. Birmingham |
| 1/25/03 | JB | .75 | $150.00 | Legal research regarding _____ |
| 4/02/03 | DLP | 2.00 | $320.00 | Research _____ |
| 4/03/03 | DLP | 2.90 | $464.00 | Research _____ preparation of memo _____ research |
| 4/04/03 | DLP | 1.30 | $208.00 | Research _____ preparation of memo _____ |
| 4/07/03 | DLP | .50 | $80.00 | Research _____ |
| 4/11/03 | DLP | .90 | $144.00 | Research _____ |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 4/14/03 | DLP | 1.00 | $160.00 | Research _____ |
| 4/15/03 | DLP | 1.10 | $176.00 | Research _____ |
| 4/24/03 | JB | .50 | $100.00 | Legal research _____ |
| 1/26/04 | MWH | .25 | $90.00 | _____ |
| 1/30/04 | JB | .50 | $117.50 | Review _____ |
| 1/31/04 | JB | .25 | $58.75 | Review _____ |
| 2/18/04 | JAC | 2.10 | $325.50 | Legal research _____ |
| 2/19/04 | JAC | 1.90 | $294.50 | Legal research _____ |
| 2/23/04 | JAC | 1.70 | $263.50 | Legal research _____ |
| 3/14/04 | MWH | .17 | $61.20 | _____ |
| 6/23/04 | MWH | .25 | $90.00 | _____ |
| 6/30/04 | MWH | .50 | $180.00 | Telephone conference _____ |
| 6/30/04 | JRB | 4.75 | $570.00 | _____ |
| 7/09/04 | JRB | .35 | $42.00 | Update _____ |
| 7/23/04 | TPM | 1.00 | $380.00 | Conference _____ |
| 7/25/04 | MWH | 5.00 | $1800.00 | _____ |
| 7/27/04 | TPM | .75 | $285.00 | _____ |
| 8/04/04 | MRR | 5.00 | $500.00 | Research _____ |
| 8/10/04 | RIK | 8.00 | $2320.00 | Legal research _____ |
| 8/16/04 | KSD | 5.00 | $500.00 | Research _____ |
| 8/17/04 | KSD | 7.00 | $700.00 | Research _____ |
| 8/18/04 | MRB | 5.20 | $1014.00 | Legal research _____ |
| 8/18/04 | RIK | 5.00 | $1450.00 | Legal research _____ materiality; legal research _____ |
| 8/18/04 | KSD | 7.00 | $700.00 | Research _____ research _____ research_____ |
| 8/19/04 | MRB | 2.50 | $487.50 | Legal research _____ |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 8/19/04 | RIK | 8.00 | $2320.00 | Legal research _____ legal research |
| 8/20/04 | RIK | 7.00 | $2030.00 | Legal research _____ legal research |
| 8/24/04 | KSD | 3.00 | $300.00 | Further research _____ |
| 8/25/04 | KSD | 4.25 | $425.00 | Research _____ |
| 8/26/04 | KSD | 4.25 | $425.00 | Reviewed _____ |
| 9/07/04 | NA | 4.00 | $480.00 | Research _____ |
| 9/08/04 | KP | 5.00 | $775.00 | Research _____ methods |
| 9/08/04 | CA | 1.50 | $202.50 | Research case law _____ |
| 9/08/04 | NA | 7.75 | $930.00 | Research _____ |
| 9/09/04 | NTP | 8.50 | $1317.50 | _____ |
| 9/09/04 | KP | 4.00 | $620.00 | Research _____ |
| 9/09/04 | CA | 3.75 | $506.25 | Reviewed _____ legal research |
| 9/09/04 | NA | 3.75 | $450.00 | Research _____ |
| 9/10/04 | KP | .80 | $124.00 | _____ |
| 9/10/04 | CA | 4.75 | $641.25 | Legal research _____ |
| 9/13/04 | CA | 1.50 | $202.50 | Research _____ |
| 9/13/04 | NA | 6.50 | $780.00 | Research _____ |
| 9/14/04 | NA | 2.25 | $270.00 | Research _____ write memo |
| 9/15/04 | NA | 4.50 | $540.00 | _____ write memo |
| 9/16/04 | CA | 6.00 | $810.00 | Research _____ |
| 9/16/04 | NA | 1.50 | $180.00 | Research _____ |
| 9/17/04 | NA | 2.03 | $274.05 | Research _____ |
| 9/20/04 | CA | 1.27 | $171.45 | Drafted _____ |
| 9/21/04 | MWH | 1.00 | $360.00 | Review _____ |
| 9/21/04 | CA | 1.39 | $187.65 | Drafted _____ |
| 9/21/04 | NA | 1.00 | $120.00 | Research _____ |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 9/22/04 | NA | 5.75 | $690.00 | Research |
| 9/23/04 | CA | .51 | $68.85 | Researched |
| 9/23/04 | NA | 7.75 | $930.00 | Research issue |
| 9/27/04 | NA | 8.00 | $960.00 | Write memo |
| 7/07/04 | SCS | 1.75 | $831.25 | Confs |
| 7/16/04 | SCS | 1.00 | $475.00 | Confs |
| 8/02/04 | SCS | 1.00 | $475.00 | Attn to issues |
| 10/05/04 | RIK | 3.00 | $870.00 | Legal research |
| 10/07/04 | CA | .10 | $13.50 | Met |
| 10/07/04 | NA | 6.00 | $720.00 | Research |
| 10/08/04 | JB | 5.00 | $1175.00 | |
| 10/11/04 | NA | 1.75 | $210.00 | Research issue |
| 10/12/04 | KP | 2.50 | $387.50 | |
| 10/12/04 | JAC | 2.00 | $310.00 | Legal research |
| 10/12/04 | NA | 6.25 | $750.00 | Research issue |
| 10/13/04 | KP | 1.50 | $232.50 | |
| 10/13/04 | JAC | 3.30 | $511.50 | Legal research |
| 10/13/04 | NA | 5.50 | $660.00 | Research issue |
| 10/14/04 | NA | .25 | $30.00 | Research issue |
| 10/14/04 | NA | 1.25 | $150.00 | Research |
| 10/15/04 | KP | 3.50 | $542.50 | |
| 10/15/04 | JAC | .25 | $38.75 | |
| 10/15/04 | NA | 7.50 | $900.00 | Research |
| 10/15/04 | TMR | .25 | $35.00 | Proof read |
| 10/20/04 | JJH | 3.50 | $1470.00 | Study |
| 10/21/04 | JJH | 1.00 | $420.00 | Review |

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 10/21/04 | JJH | 2.00 | $840.00 | |
| 10/21/04 | JJH | 2.00 | $840.00 | |
| 10/22/04 | JJH | 2.00 | $840.00 | |
| 10/25/04 | CA | .50 | $75.00 | |
| 10/26/04 | MWH | .75 | $270.00 | Legal research; |
| 10/26/04 | BL | 1.50 | $195.00 | General reorganization |
| 10/26/04 | JB | 1.25 | $293.75 | Legal research |
| 10/27/04 | JB | 2.25 | $528.75 | Review legal research |
| 10/29/04 | JB | 1.50 | $352.50 | Legal research |
| 10/29/04 | KP | 4.20 | $651.00 | Legal research |
| 10/29/04 | NA | 3.00 | $360.00 | Research Federal Circuit cases |
| 10/30/04 | RIK | 2.00 | $580.00 | Legal research |
| 10/31/04 | DEB | 4.50 | $922.50 | Conducting and analyzing legal research |
| 11/01/04 | RIK | 1.00 | $290.00 | Legal research |
| 11/01/04 | DEB | 4.50 | $922.50 | Conducting and analyzing legal research |
| 11/01/04 | NA | 5.25 | $630.00 | Research |
| 11/02/04 | DEB | 8.50 | $1742.50 | Conducting and analyzing legal research |
| 11/02/04 | NA | 6.25 | $750.00 | Research |
| 11/03/04 | NA | 8.00 | $960.00 | Research |
| 11/04/04 | DEB | 8.50 | $1742.50 | Conducting and analyzing legal research |
| 11/04/04 | NA | 8.00 | $960.00 | Continue researching |
| 11/05/04 | NA | 5.00 | $600.00 | Continue researching |
| 11/07/04 | RIK | 3.00 | $870.00 | Legal research |
| 11/07/04 | DEB | 5.50 | $1127.50 | Conducting and analyzing legal research |
| 11/08/04 | DEB | 7.50 | $1537.50 | Conducting and analyzing legal research |
| 11/08/04 | NA | 4.75 | $570.00 | Assemble |

| 11/09/04 | RIK | 4.00 | $1160.00 | Legal research |
| --- | --- | --- | --- | --- |
| 11/09/04 | DEB | 9.50 | $1947.50 | Conducting and analyzing legal research |
| 11/09/04 | NA | 8.00 | $960.00 | |
| 11/10/04 | JFF | 1.00 | $475.00 | Conference and legal research |
| 11/10/04 | NA | 2.00 | $240.00 | |
| 11/12/04 | RIK | 3.00 | $870.00 | Legal research |
| 11/15/04 | JB | 6.25 | $1468.75 | Prepare and review documents |
| 11/15/04 | NA | 4.50 | $540.00 | |
| 11/01/04 | KP | 4.80 | $744.00 | Legal research |
| 11/02/04 | KP | 3.80 | $589.00 | Legal research |
| 11/03/04 | KP | 3.20 | $496.00 | Legal research |
| 11/04/04 | KP | 3.30 | $511.50 | Legal research |
| 11/18/04 | JFF | .50 | $237.50 | Legal research |
| 11/29/04 | NA | 6.25 | $750.00 | Review cases |
| 11/30/04 | NA | 1.25 | $150.00 | Research |
| **Total:** | | | **$109,017.70** | |

4.  **Total Attorney's Fees Awarded**

Liquid Dynamics requests $1,615,455 in attorney's fees. The court reduces the requested amount by $5197.50 for fees charged for secretarial staff and by $109,017.70 for inadequate billing descriptions. Accordingly, Liquid Dynamics is awarded $1,501,239.80 in attorney's fees.

## III. Non-Taxable Costs

Section 285 is not limited to attorney's fees, but also includes expenses or costs not taxable under 28 U.S.C. § 1920. *See Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (Section 285 "include[s] those sums that the prevailing party incurs in the preparation for

16

and performance of legal services related to the suit"). Liquid Dynamics seeks $69,427 in expert fees and $143,120 in costs.

A.     **Expert Fees**

The court may not rely solely on § 285 to award expert fees. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 376-77 (Fed. Cir. 1994). Section 285 encompasses attorney's fees, and expert witness fees fall under 28 U.S.C. § 1920 subject to 28 U.S.C. § 1821's limitations. *Id.* at 377. However, the court has discretion under § 285 to award reasonable expert witness fees in excess of the attendance fee specified in 28 U.S.C. § 1821. *Id.* The court may exercise its inherent power to shift expert fees to the losing party. However "[w]ithout a finding of bad faith or fraud whereby the very temple of justice has been defiled, a court enjoys no discretion to employ inherent powers to impose sanctions." *Id.* at 378 (citations omitted). Moreover, "not every case qualifying as exceptional under section 285 will qualify for sanctions under the court's inherent power . . . [the] court must therefore assess whether this case goes sufficiently beyond exceptional within the meaning of section 285 to justify an award of expert fees as a sanction under the court's inherent power." *Id.* (citations omitted).

In *Amsted*, the Federal Circuit found the court abused its discretion by awarding expert fees, even where the non-prevailing party copied the patent, lacked a good faith belief of non-infringement and acted in a manner that repeatedly burdened the court. *Id.* at 379. Although those actions supported enhanced damages and attorney's fees, the actions "did not amount to a fraud on the court or an abuse of the judicial process." *Id.* Here, the court previously awarded Liquid Dynamics $16,074.60 in fees related to experts under § 1920. While Vaughan's conduct is sufficient to support the award of enhanced damages and attorney's fees, it does not support a finding that Vaughan

17

abused the judicial process. *See e.g., Vardon*, 2003 U.S. Dist. LEXIS 5072, at *24. The request for expert witness fees is denied.

### B. Costs

Section 285 permits recovery of expenses reasonably incurred in the litigation. *See e.g., Central Soya*, 723 F.2d at 1578. Liquid Dynamics seeks: (1) $81,490.10 for copies; (2) $4278.94 for postage and courier expenses; (3) $17,655.73 for Lexis and other database research expenses; (4) $9642.20 for travel expenses; (5) $14,791.15 for court reporters and videographers; and (6) $15,262.59 for miscellaneous costs.

Other than the generalized, blanket statements in its brief regarding the reasonableness of the entire fee request, Liquid Dynamics does not provide support showing the requested costs are reasonable. For example, Liquid Dynamics submits a voluminous exhibit of invoices, but no explanation as to why travel costs were reasonable or even identification of "miscellaneous" costs. *See* Mot. at Ex. 31. Nor does Liquid Dynamics identify which invoices pertain to specific costs. In addition, some of the documentation is illegible. In any event, the court previously awarded Liquid Dynamics $8268.21 for court reporter fees and $27,655.41 for exemplification and copying costs under § 1920. Liquid Dynamics fails to establish that additional costs should be awarded.

## IV. 28 U.S.C. § 1927

As an additional basis for fees, Liquid Dynamics contends Vaughan's litigation misconduct multiplied the proceedings under 28 U.S.C. § 1927. Section 1927 provides an attorney who multiplies proceedings unreasonably and vexatiously may be required by the court to personally satisfy the excess costs, expenses and attorney's fees reasonably incurred because of misconduct. "To be liable under section 1927, counsel must have engaged in serious and studied disregard for

the orderly process of justice," and "it is not sufficient that the claim be found meritless; the claim must be without a plausible legal or factual basis and lacking in justification." *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226-27 (7th Cir. 1984) (internal citations omitted). While Vaughan engaged in litigation misconduct, its claims were not without plausible basis. Further, the court has taken Vaughan's multiplication of proceedings into account by enhancing damages and finding the case is exceptional, warranting attorney's fees. The request for § 1927 sanctions is inappropriate under all the circumstances.

## CONCLUSION

For the foregoing reasons, Liquid Dynamics' motion for attorney's fees and non-taxable costs is granted in part. Liquid Dynamics is awarded $1,501,239.80 in attorney's fees.

May 12, 2005

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

19